DECISION AND JUDGMENT
{¶ 1} Appellant appeals a personal injury judgment in favor of appellees from the Ottawa County Court of Common Pleas after a dispute between neighbors turned violent. For the following reasons, we affirm the trial court.
 {¶ 2} Appellant, Harold "Ed" Cornelius, and appellees, Robert C. Smith, his wife, Trina L. Smith, and his son, a minor child, were next door neighbors in Rocky Ridge, Ohio. *Page 2 
 {¶ 3} According to appellee Robert C. Smith, when he returned home from work on April 17, 2004, he took a walk around the pond in his yard. At the same time, appellant's son was outside. Because appellant's cocker spaniel previously injured appellees' two-month-old boxer-pit bull puppy, Robert Smith asked appellant's son not to let his cocker spaniel loose. Appellee warned appellant's son that he should be cautious because one day the puppy would grow to be much larger than the cocker and would "hurt your dog."
 {¶ 4} Robert Smith testified that, with this, appellant's son went into appellant's house. A few minutes later, appellant's wife came out of the house, screaming obscenities and threatening to kill appellee's puppy. She was joined a short time later by appellant who emerged from the house barefoot and in the process of removing his shirt. According to appellee, appellant stormed onto his property.
 {¶ 5} Robert Smith testified that when he turned away from appellant, appellant struck him from behind, knocking him to the ground. Appellee stated that appellant then kicked him several times, including twice in the groin, and continued the beating until approaching police sirens could be heard. Appellee claims serious injury resulted from this assault.
 {¶ 6} On April 15, 2005, appellees sued appellant and his wife, Evalee Cornelius, alleging battery, trespass, and intentional infliction of emotional distress. Appellees also included a loss of consortium claim for Robert Smith's wife and son. On June 16, 2005, appellant and his wife responded, denying liability, and asserting counterclaims including *Page 3 
trespass, assault, and sexual assault of appellant's child by a foster child in appellees' home. Prior to trial, they dismissed the sexual assault counterclaim. After unsuccessful mediation, this matter proceeded to trial.
 {¶ 7} At trial, Robert Smith testified to the events of April 17. His account was supported by the testimony of his stepson, sister, son, wife, and a friend of the stepson who was visiting that day.
 {¶ 8} Appellant took the stand in his own defense with a wholly different account of the events. He testified that it was Robert Smith who was the aggressor, dancing around trying to provoke him to fight. Appellant's wife described appellee as acting like "Sugar Ray." By appellant's account, as he turned to leave, appellee attacked him from behind, hitting appellant in the back of his head and jumping on his back. Appellant indicated that the fight consisted mainly of hair-pulling; his wife stated that it reminded her of a "chick fight." Although appellant testified that the fight was mainly hair-pulling, he admitted that he kicked and hit appellee while appellee was on the ground. Appellant added that appellee needed to be restrained by his stepson to keep from launching another attack. Appellant's neighbor testified in support of his account.
 {¶ 9} During Robert Smith's testimony, the trial court permitted appellees' counsel to question him about ongoing disputes between the neighbors. At this time, Smith mentioned the argument between the parties over the prosecution of appellees' former foster child for sexually assaulting appellant's son. When appellant's counsel *Page 4 
attempted to cross-examine Robert Smith about this subject, the court denied any such questioning, ruling that it had no relevance.
 {¶ 10} On December 13, 2007, the trial court found for appellees and awarded damages totaling $137,187.04, including $100,000 in punitive damages.
 {¶ 11} Appellant filed this instant appeal on January 11, 2008. Appellant sets forth the following single assignment of error:
 {¶ 12} "The trial court committed prejudicial error in excluding testimony regarding the molestation conviction of Appellee's [sic] son or if the evidence was properly excluded, the trial court erred in considering it in its decision."
 {¶ 13} Appellant maintains that testimony regarding appellees' former foster child's molestation of appellant's son should have been admitted as relevant evidence in this civil lawsuit for battery, trespass, intentional infliction of emotional distress, and loss of consortium.
 {¶ 14} The standard of review for the admission or exclusion of evidence is abuse of discretion. State v. Sage (1987),31 Ohio St.3d 173, 180. An abuse of discretion is more than an error in judgment, the term connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} Relevant evidence is evidence which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Evid. R. 401. All evidence which is not relevant *Page 5 
is inadmissible. Evid. R. 402. Cross-examination is only permitted on matters which are relevant, or those that affect credibility. Evid. R. 611.
 {¶ 16} Testimony regarding the molestation of appellant's son by appellees' former foster child is not relevant to this case. The foster child had not lived with appellees for the eight months immediately preceding the fight. Thus, this testimony about the past conduct of a third party would not make the beating and resulting injuries appellee sustained from appellant more or less probable. Therefore, the trial court did not abuse its discretion in concluding that such testimony was not relevant and inadmissible.
 {¶ 17} The latter part of appellant's assignment of error alleges that the trial court erred in considering the molestation conviction as part of its judgment. In the findings of fact and conclusions of law, the trial court mentioned the "tension between the two families was exacerbated by allegations that [appellant's] minor child had been sexually assaulted by [appellees'] foster child." This statement in the judgment entry gave context to the battery and heightened tensions between the neighbors. The trial court did not rely on the testimony presented at trial by any of the witnesses regarding the molestation in arriving at its judgment.
 {¶ 18} Instead, the trial court relied upon the credibility of the parties and their witnesses. As such, we give deference to the trial court's findings because it is in the best position to "view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80. *Page 6 
We find no abuse of discretion by the trial court, as its judgment was based on the credibility of the witnesses.
 {¶ 19} For all of the foregoing reasons, appellant's assignment of error is found not well-taken.
 {¶ 20} Of consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1